■ In the Matter of Trisha M. Ortiz, Appellant, v Wilson Ortiz, Respondent. (And Another Related Proceeding.) [768 NYS2d 858]—

Mugglin, J. Appeal from an order of the Family Court of Columbia County (Leaman, J.), entered November 8, 2002, which

dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act articles 6 and 8, for, inter alia, custody of the parties' children.

Petitioner and respondent are the parents of three children, two boys (born in 1995 and 1997) and a girl (born in 1999). On June 8, 2001, the parties stipulated to a joint custody order which provided that the children were to live with petitioner and respondent was to have liberal visitation. The next day, the parties reconciled and continued to live together until mid-July 2002. At that time, petitioner called respondent at work and told him she was having difficulty disciplining the two boys. That evening, while petitioner was at work, respondent struck both boys twice on their buttocks with a folded pants belt, causing bruises. After being informed of this the next morning by the older boy, petitioner called the police, obtained an order of protection and took the children to the emergency room where she was advised to treat the bruised area with ice packs. Approximately six days later, petitioner filed a family offense petition which accused respondent of assault in the third degree and a custody petition which sought sole custody on the basis that the assault constituted a sufficient change of circumstances to warrant a change in custody.

Family Court dismissed the family offense petition, finding the evidence of pain or injury insufficient to constitute the crime of assault in the third degree. In addition, since the custody petition was founded upon the family offense, the court dismissed that petition due to the absence of a sufficient change in circumstances. Petitioner appeals.

Assault in the third degree is the intentional infliction of physical injury (*see* Penal Law § 120.00 [1]). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). In the absence of evidence of an impairment of the boys' physical condition, the issue distills to whether petitioner proved that they experienced substantial pain. "Although the matter of whether the victim of an assault sustained substantial pain is generally a question to be determined by the trier of fact, there is, however, an objective level below which the question is one of law" (*Matter of Mary Ellen P. v John R.*, 278 AD2d 750, 752-753 [2000] [citations omitted]). Petitioner's evidence consisted only of a photograph of each boy's bruises and her statement that the doctor suggested treatment with ice packs. Accordingly, we agree with Family Court that petitioner failed to prove that respondent's conduct constituted assault in the third degree and dismissal of the family offense petition was appropriate (*see Matter of Larry v O'Neill*, 307 AD2d 410, 411 [2003]).

We also find that Family Court was justified in dismissing the custody petition. The prior custody order cannot be modified absent a sufficient change of circumstances and then only when it is in the best interests of the children (*see Matter of Watts v Watts*, 290 AD2d 822, 823-824 [2002], *lv denied* 97 NY2d 614 [2002]). As Family Court found this isolated incident of corporal punishment did not constitute a family offense, and as the family offense was the sole basis alleged for a change of circumstances, petitioner failed to meet her burden of proof.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.