██ In the Matter of SUSAN L. CHASE, Respondent, v GARY R. BENJAMIN, Appellant. [843 NYS2d 706]—

Kane, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered May 11, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.

The parties are the divorced parents of one son (born in 1990). In December 2004, they stipulated to an order providing for joint custody, physical placement with petitioner, and visitation with respondent every other weekend, overnight every Wednesday and on certain holidays. Petitioner commenced this proceeding in November 2005, seeking sole custody and the suspension of respondent's visitation. Following a hearing, Family Court modified the order by granting petitioner sole custody and maintaining the prior visitation schedule, except the child was given the option of declining any scheduled visitation upon 48 hours notice to respondent. Respondent appeals.

Because petitioner failed to establish a change in circumstances warranting modification, we reverse. Courts will modify an existing custody order only when the petitioning party demonstrates a sufficient change in circumstances since the entry of the prior order such that modification is warranted to further the child's best interest (*see Matter of Kerwin v Kerwin*,

---

39 AD3d 950, 951 [2007]). The best interest analysis should only be conducted after this threshold showing is made (*see id.*). Here, Family Court found sufficient changes based upon the parties' animosity toward one another, the child's changing needs as he grew older and respondent's inflexibility regarding visitation. The record does not support a need to modify based upon these circumstances.

Although the parties have a strained relationship, this was not a change. Even petitioner acknowledged that the nature of their relationship was exactly the same at the time they stipulated to the prior order. A child's changing needs over time can constitute a change in circumstances warranting modification; certainly a child may have different needs requiring variation of a visitation schedule between infancy and the teen years. But here, the child's maturation of less than one year did not constitute such a change.

The main focus at the hearing was respondent's alleged inflexibility regarding visitation. Three incidents were singled out. In the first, members of petitioner's extended family, including relatives from out of state, were gathering for the weekend. Although the parties disagree about timing, petitioner acknowledges that she realized she would be late in returning home with the child when respondent was scheduled to pick him up for visitation. She also acknowledged that she did not ask ahead of time to switch weekend visitations so the child could be with her family that weekend; that request was made only after respondent's visitation time was supposed to begin. Respondent became quite upset when the child was not home at the pick-up time and refused to switch weekends. In the second incident, petitioner informed respondent that her grandfather's death was imminent and she wanted the child to remain with her and her family for the weekend. Respondent did not agree and insisted on exercising his weekend visitation, but later offered to bring the child to the grandfather's home on Saturday, an offer the child rejected. In the third incident, the child spoke with respondent about switching the days of his midweek visitation for a particular week. Petitioner had no firsthand knowledge of the situation. Respondent felt that the switch was definitively planned but the child, who felt it had only been raised as a possibility, called respondent and informed him that they would follow the regular visitation schedule. When respondent became upset, the child hung up on him. Neither the child nor petitioner answered the phone when respondent called back, so respondent called other relatives and then left a harsh message for the child. Even if respondent was in some way unreasonable in his

response to the requests for alteration in the visitation schedule on these three occasions, that is insufficient to establish a change in circumstances since the prior order warranting modification. Hence, because petitioner did not establish a threshold change in circumstances, the petition should be dismissed.

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.