■ In the Matter of AMANDA B. FERGUSON, Respondent, v CHRIS WHIBLE JR., Appellant. [865 NYS2d 156]—

Stein, J. Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered November 15, 2007, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent were formerly married to each other and have two children, a son (born in 1997) and a daughter (born in 2000). The parties were divorced in October 2005. Their custody agreement was incorporated, but not merged, into their judgment of divorce. The agreement provided, among other things, that the parties would share joint legal and physi-

cal custody of the children, that they would deliver the children to the other party's residence at the end of their custodial time and that they would give each other the "right of first refusal" in the event they were unable to be present with the children during their custodial time. Pursuant to the agreement, any deviations from the custodial schedule were required to be in writing, signed by both parties.

After about two years, petitioner commenced this proceeding seeking modification of the custody order and alleging that "the parties' relationship and communication ha[d] deteriorated to the point that joint custody [was] no longer appropriate." Respondent moved to dismiss the petition, arguing that petitioner failed to "allege a sufficient change in circumstances to modify said [c]ustody [o]rder." Family Court denied respondent's motion to dismiss and held a fact-finding hearing on the petition. After the conclusion of the hearing, Family Court also conducted a *Lincoln* hearing with both children.

In a decision entered on September 24, 2007, Family Court found the requisite change in circumstances and that it would be in the best interests of the children to award petitioner "sole custody and physical placement of the children," with liberal visitation to respondent "as the parties may agree, but no less than alternate week-ends." Thereafter, in an October 29, 2007 decision, pursuant to the parties' request, the court clarified its determination with regard to alternate weekend visitation. The decision and supplemental decision were incorporated in an order entered on November 15, 2007. Respondent now appeals.* We affirm.

Initially, we find that Family Court correctly determined that petitioner demonstrated a change in circumstances necessary to warrant modification of the existing custody order. Although a voluntary agreement of joint custody "will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]), a custody arrangement created by the parties is entitled to less weight than one crafted by the court after a plenary trial (*see Matter of Norwood v Capone*, 15 AD3d 790, 792 [2005], *appeal dismissed* 4 NY3d 878 [2005]; *Matter of Mur-*

* We note that respondent's notice of appeal indicates that he is appealing Family Court's September 2007 and October 2007 decisions and the November 2007 order. The decisions are not appealable, however (*see* Family Ct Act § 1112 [a]). In any event, respondent's concomitant appeal from the November 2007 final order, which incorporated these decisions, is sufficient.

*ray v McLean,* 304 AD2d 899, 899 [2003]). Moreover, we have held that, where the relationship between joint custodial parents has so deteriorated as to make cooperation for the good of the children impossible, a significant change in circumstances has been demonstrated and modification of the prior custody agreement is warranted (*see Matter of Blanchard v Blanchard,* 304 AD2d 1048, 1049 [2003]; *Matter of Jemmott v Jemmott,* 249 AD2d 838, 839 [1998], *lv denied* 92 NY2d 809 [1998]). In making this determination, Family Court is accorded substantial deference (*see Matter of Gaudette v Gaudette,* 262 AD2d at 805).

Here, there is ample evidence that the parties' relationship had become so rancorous that cooperation for the good of the children was inhibited. For example, the only telephone number provided by respondent to petitioner was the cellular telephone number of his girlfriend, whose relationship with petitioner was somewhat hostile, thereby frustrating communication between the parties. Furthermore, the record indicates that respondent and/or his girlfriend had petitioner charged with trespassing for dropping the children off at the residence that respondent shared with his girlfriend, even though she was required to do so pursuant to the custody agreement. In addition, respondent admitted that having previously consented to petitioner taking the children to Virginia for a summer vacation, he revoked his permission at the last minute in order "to get even with" her. The record also reflects that the children were routinely used as messengers between the parties. These factors clearly demonstrate that the parties' relationship has deteriorated so far as to prevent the parties from cooperating for the good of their children (*compare Matter of Blanchard v Blanchard,* 304 AD2d at 1049).

We are also unpersuaded by respondent's argument that, even if there was a sufficient change in circumstances to modify the custody agreement, he should have been awarded sole custody of the children. "A court's goal, in any contested custody dispute, is to achieve a result which is consistent with the best interests of the child" (*Matter of Dudniak v Olmstead,* 307 AD2d 404, 405 [2003] [citation omitted]). Based upon our review of the record and considering all the relevant factors (*see id.*), we find that Family Court properly exercised its discretion in awarding sole custody to petitioner. For example, respondent's work schedule sometimes required the children to wake up as early as 5:00 A.M. to be dropped off at petitioner's residence so that she could take them to school. In addition, while under respondent's supervision, the children have been late to school upwards of 10 times. Moreover, respondent has changed

residences three times in one year and, as of September 2007, intended to move again. Respondent has also failed to offer petitioner the right of first refusal as required under the custody agreement. On the other hand, respondent failed to demonstrate any substantial deficiencies in petitioner's care of the children. Thus, we decline to disturb Family Court's determination that an award of sole custody to petitioner was in the children's best interests.

Mercure, J.P., Peters, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.