■ In the Matter of SCOTT QQ., Respondent, v STEPHANIE RR., Appellant. [905 NYS2d 347]—

Egan Jr., J. Appeal from an order of the Family Court of Greene County (Czajka, J.), entered January 7, 2009, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the unmarried parents of a son, born in 2002. Pursuant to an order of Family Court (Pulver, Jr., J.), entered in April 2005, the parties shared joint legal custody of the child, with respondent (hereinafter the mother) having sole residential custody and petitioner (hereinafter the father) having visitation rights. In June 2007, the father filed a petition seeking temporary custody of the child based on allegations that the child had witnessed the mother's boyfriend physically abuse the mother. The same day, after taking testimony from the father and speaking with the child in the courtroom, Family Court issued a bench decision granting the father temporary emergency custody. The next day, the mother filed a petition to modify that decision and, shortly thereafter, the father filed an amended petition. After three days of hearings held in August, September and October 2007, the father rested. The mother immediately moved to dismiss the father's amended petition. Family Court reserved decision on the motion and the matter was adjourned for assignment of the next hearing date. In December 2007, before Family Court had rendered any decision on the mother's motion, the mother retained new counsel with whom Family Court had a preexisting ethical conflict. The court recused itself and the case was reassigned to a new judge.

In January 2008, the mother renewed her motion to dismiss the father's amended petition, this time by written motion. The parties stipulated that, with respect to a decision on this motion only, Family Court (Czajka, J.) could rely on the transcript of the hearing before the previous judge. In September 2008, Family Court dismissed certain of the allegations set forth in the

amended petition, but denied the mother's motion to dismiss the amended petition as to four specific allegations: (1) the mother had neglected the child's dental hygiene, (2) the mother had acted violently in the child's presence, (3) the mother had permitted her boyfriend to act violently in the child's presence, and (4) the mother had permitted the child to be in the presence of her boyfriend in violation of the court's previous order. Family Court then directed that a trial de novo be conducted with respect to the surviving allegations, which was held in November 2008. At that trial, the father, the mother, and the mother's teenage daughter from another relationship testified; the next day, a *Lincoln* hearing was conducted. In January 2009, Family Court issued a written decision granting the father's amended petition, finding that there had been a sufficient change in circumstances by reason of the repeated instances of domestic violence inflicted on the mother by her boyfriend, and awarded legal and residential custody to the father with visitation rights to the mother. The mother now appeals and we reverse.

"Modification of an established custody arrangement requires a showing of sufficient change in circumstances reflecting a real need for change in order to insure the continued best interest of the child" (*Matter of Rue v Carpenter*, 69 AD3d 1238, 1239 [2010] [internal quotation marks and citation omitted]; *see Matter of Bronson v Bronson*, 63 AD3d 1205, 1206 [2009]). Upon a demonstration of such a change in circumstances, the court must then undertake a best interests analysis (*see Matter of Smith v White*, 53 AD3d 814, 815 [2008]; *Matter of Chase v Benjamin*, 44 AD3d 1130, 1131 [2007]; *Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]).

We find that Family Court's decision finding a change in circumstances lacks a sound and substantial basis in the record (*see Matter of Hurlburt v Behr*, 70 AD3d 1266, 1268 [2010]). The evidence presented at the de novo trial is insufficient to establish that the mother was the victim of repeated domestic violence at the hands of her boyfriend or that the child witnessed it. While the mother acknowledged that the boyfriend did strike her on one occasion in April 2007 outside of the presence of the child and conceded that he had a drinking problem, she took appropriate action by terminating the relationship and changing the locks. Family Court could not rely on the statements made by the child at the *Lincoln* hearing since they were not corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Benjamin v Benjamin*, 48 AD3d 912, 914 [2008]). Likewise, the father's testimony as to what the child told him was not suf-

ficiently corroborated (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Cobane v Cobane*, 57 AD3d 1320, 1321 [2008], *lv denied* 12 NY3d 706 [2009]). Accordingly, the father failed to establish a change in circumstances requiring a modification of the prior custody order to ensure the best interests of the child and, therefore, the father's amended petition should be dismissed. Because the father failed to establish this threshold change in circumstances, we need not undertake a best interests analysis (*see Chase v Benjamin*, 44 AD3d at 1132).

The mother's argument that Family Court erred in failing to grant her motion to dismiss, made at the close of petitioner's case, is rendered academic in light of this determination.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.