■ In the Matter of PAMELA ROSI, Respondent, v RODERICK MOON, Appellant. [922 NYS2d 622]—

Spain, J. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered December 30, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of a daughter (born 2004). In May 2005, after their separation, an order was made, on consent, providing for joint custody with physical custody to petitioner (hereinafter the mother) and parenting time to respondent (hereinafter the father) as agreed. They stipulated to a new order in February 2006 which, among other things, continued the same joint custody arrangement, but with specific parenting time to the father.

After a fact-finding hearing in a Family Ct Act article 8 proceeding in August 2006, Family Court found that the father had committed a family offense against the mother and, after a March 2007 dispositional hearing, issued a final order of protection directing the father to, among other things, stay away from the mother's place of employment, the marital residence and the child's day-care center, except when picking up and dropping off the child. The court also adjusted the existing custody order pursuant to Family Ct Act § 842 (j) granting the mother the authority to choose the child's primary healthcare provider and changing the place the father dropped off the child. In a judgment of divorce entered October 30, 2007, Supreme Court had incorporated, but did not merge, all previous orders of Family Court.

On February 14, 2008, the mother commenced the instant modification proceeding, seeking sole custody and a more precise visitation schedule for the father who had moved to Pittsfield, Massachusetts after their separation. Following a fact-finding hearing, Family Court modified custody and visitation by, among other things, granting the mother sole legal custody. The father now appeals and we affirm.

Determining whether there has been a change in circumstances is a threshold issue in every modification proceeding (see Matter of Scott QQ. v Stephanie RR., 75 AD3d 798, 800 [2010]; Matter of Chase v Benjamin, 44 AD3d 1130, 1130-1131 [2007]). "Where a voluntary agreement of joint custody is

entered into, it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation" (*Matter of Gaudette v Gaudette*, 262 AD2d 804, 805 [1999], *lv denied* 94 NY2d 790 [1999]); in evaluating the alleged change, a consensual arrangement is afforded less weight than one ordered by a court after a full hearing (*see Matter of Hetherton v Ogden*, 79 AD3d 1172, 1174 [2010]; *Matter of Colwell v Parks*, 44 AD3d 1134, 1135 [2007]). In cases where the proof has established that "the relationship between joint custodial parents has so deteriorated as to make cooperation for the good of the [child] impossible" (*Matter of Ferguson v Whible*, 55 AD3d 988, 990 [2008]; *see Matter of Rikard v Matson*, 80 AD3d 968, 969-970 [2011], *lv denied* 16 NY3d 709 [2011]; *Matter of Nikki O. v William N.*, 64 AD3d 938, 939 [2009], *lv dismissed* 13 NY3d 825 [2009]), modification is warranted.

Here, Family Court based its determination that there had been a change in circumstances on the deterioration in the parties' relationship since they stipulated to joint custody in 2006. Contrary to the father's assertion, the court was well within its discretion in considering evidence as far back as that stipulation (*see Matter of Gardner v Gardner*, 69 AD3d 1243, 1244 [2010]; *Matter of Cool v Malone*, 66 AD3d 1171, 1173-1174 [2009]; *Matter of Omahen v Omahen*, 64 AD3d 975, 976 n [2009]; *Matter of McGovern v McGovern*, 58 AD3d 911, 913 [2009]; *Matter of Tarrance v Mial*, 22 AD3d 965, 966 [2005]), as the fact-finding hearing under review herein was the first full plenary hearing on the issues of custody and visitation since the 2006 order.

Next, there is a sound and substantial basis to support Family Court's finding of a change in circumstances. The record reflects that the parties' relationship has deteriorated to such a degree that it became almost impossible for them to communicate for the good of the child (*see Matter of Rikard v Matson*, 80 AD3d at 969-970; *Matter of Nikki O. v William N.*, 64 AD3d at 939; *Matter of Ferguson v Whible*, 55 AD3d at 990). The mother testified to—and Family Court credited her testimony finding—numerous examples of the father either refusing to communicate or precipitating arguments at the time of exchanging the child, the child's poor personal appearance and hygiene upon her return from visits with her father, and the father's inflexibility regarding changes in schedules and vacation time. The court also took into consideration the need to issue an order of protection against the father in 2007. The court's best interests determination that sole custody should be with the mother and its order detailing and specifying visitation times to the father are amply supported in the record.

Finally, we reject the father's assertion that he was denied the effective assistance of counsel. A finding of ineffective assistance of counsel requires that the proponent "demonstrate that he [or she] was deprived of reasonably competent and, thus, meaningful representation" (*Matter of Elizabeth HH. v Richard II.*, 75 AD3d 670, 670 [2010]). The father's counsel cross-examined witnesses, including a thorough cross-examination of the mother and her experts, and presented cogent opening and closing statements. His limited direct examination of the father can be viewed as a legitimate trial tactic, focusing the majority of his examination at trial on directly challenging the mother's case via cross-examination (*see Matter of Elizabeth HH. v Richard II.*, 75 AD3d at 670). Likewise, the father's assertion that counsel failed to object to certain hearsay statements of the child during the hearing does not render counsel ineffective. Indeed, many of the identified statements were not offered for their truth and, thus, were not hearsay.

We have considered the father's remaining contentions and find them lacking in merit.

Peters, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.