■ In the Matter of COREY L. CLARK, Respondent-Appellant, v NICOLE INGRAHAM, Appellant-Respondent. [931 NYS2d 159]—

McCarthy, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2008). The parties lived together with the child in the City of Binghamton, Broome County until the summer of 2008. The father then moved to the City of Norwich, Chenango County. Upon the parties' consent, Family Court issued an order in March 2009 awarding joint legal custody, primary residence to the mother and visitation to the father on alternate weekends. In May 2009, the father commenced this proceeding seeking a modification of custody. Following a hearing, the court continued joint legal custody, but granted primary residence to the father and visitation to the mother three weekends per month, with the father responsible for transportation. The parties cross-appeal.

The mother contends that Family Court erred by not analyzing this as a relocation case under *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]). As the mother did not raise this argument in Family Court, it is unpreserved for our review.

Treating this as a typical modification case, Family Court should have dismissed the petition. The party seeking modification of a custody order must first prove that there has been a sufficient change in circumstances since the entry of the prior order to require the court to reexamine the issue of custody (*see Matter of Rosi v Moon*, 84 AD3d 1445, 1445-1446 [2011]; *Matter of Opalka v Skinner*, 81 AD3d 1005, 1005 [2011]). A best interest analysis should only be undertaken after this threshold showing has been made (*see Matter of Fox v Grivas*, 81 AD3d 1014, 1015 [2011]; *Matter of Chase v Benjamin*, 44 AD3d 1130, 1131 [2007]).

Here, Family Court deemed unsubstantiated the father's allegations that the child suffered injuries in the mother's care, that her home was unsafe and unsanitary, that she did not properly administer the child's medication and that the child's

asthma attacks have increased. The court found as a change in circumstances that, in spite of the child's severe asthma, the mother hired a babysitter who smokes, the mother smokes and, "[a]lthough they claim they do not smoke around the [c]hild, the [c]ourt is not entirely convinced." The mother was never asked whether she smoked inside or around the child; thus, the court incorrectly stated that the mother made such a "claim." The additional circumstances that the court mentioned as causes for concern were that the child's doctor found the father easier to deal with regarding medical issues and that the mother recently contacted the doctor's office in a frantic manner to obtain replacement medical equipment, then failed to call back and notify them that she had located the missing equipment. While the father was considered easier to deal with, the doctor also testified that she could work with any parent. Although the doctor testified that the asthmatic child should not be exposed to smoke, the court's supposition—rendering it unsure if the mother or her chosen babysitters smoke in the child's presence—is insufficient to establish a change in circumstances, especially considering the lack of proof regarding whether the mother smoked prior to the entry of the March 2009 order. The father failed to prove a change in circumstances in the two months following that order so as to warrant a reexamination of the parties' custody arrangement. Hence, as the court's decision does not have a sound and substantial basis in the record, the petition should be dismissed (*see Matter of Scott QQ. v Stephanie RR.*, 75 AD3d 798, 799-800 [2010]; *Matter of Chase v Benjamin*, 44 AD3d at 1131-1132).

Mercure, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.