■ In the Matter of NICHOLAS ILDEFONSO, Appellant, v TARA BROOKER, Respondent. [943 NYS2d 286]—

Stein, J. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered November 30, 2010, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the unmarried parents of two children (born in 2007 and 2009). In December 2009, the mother commenced a proceeding seeking sole custody of the children. The father did not appear at the scheduled fact-finding hearing in February 2010 and Family Court awarded the mother sole custody by default. The father appeared at Family Court approximately one hour after the court issued the default custody order from the bench and commenced the instant proceeding by filing a petition seeking modification of the custody order made that day. After a fact-finding hearing, Family Court determined that the father failed to demonstrate a change in circumstances warranting modification of the prior order and dismissed the father's petition. The father now appeals and we affirm.

It is axiomatic that, before a court may modify a prior custody order, the petitioner must demonstrate, first, a change in circumstances occurring after issuance of the order sought to be modified and, second, that modification of the previous order is necessary to ensure the children's best interests (see Matter of Spiewak v Ackerman, 88 AD3d 1191, 1192 [2011]; Matter of Deuel v Dalton, 33 AD3d 1158, 1159 [2006]). Here, the father argues that, notwithstanding the explicit terminology of his petition, it should have been treated as a cross petition for custody, rather than as a modification petition, and that a showing of a change in circumstances should not have been required before proceeding to a best interests analysis. We disagree.[1]

1. In fact, the proper procedure would have been for the father to move to vacate the default judgment (see e.g. Matter of Taylor v Staples, 33 AD3d 1089, 1090 [2006], lv dismissed and denied 8 NY3d 830 [2007]). In that regard, we note that Family Court considered the father's excuse for missing the hearing on the mother's petition and found it to be unworthy of belief. In any event, inasmuch as Family Court entertained the father's petition, we will review that court's determination.

Family Court properly determined that the father failed to demonstrate the requisite change in circumstances. At the time the father filed his petition, less than an hour had passed since the default custody order was issued. Inasmuch as the petition itself "fails to factually aver any change in circumstances" (*Matter of Deuel v Dalton*, 33 AD3d at 1159) and, moreover, no evidence of such a change during the relevant period was adduced during the fact-finding hearing, the father was not entitled to a best interests determination (*see Matter of Clark v Ingraham*, 88 AD3d 1079, 1079 [2011]). Thus, the petition was properly dismissed.

Nonetheless, Family Court did consider the evidence adduced at the hearing regarding the children's best interests and provided a lengthy analysis of that evidence. In our view, according due deference to Family Court's ability to observe the witnesses and assess their credibility (*see Matter of Kimberly CC. v Gerry CC.*, 86 AD3d 728, 730-731 [2011]), the record amply supports Family Court's determination that joint custody would be inappropriate (*see Matter of Melissa WW. v Conley XX.*, 88 AD3d 1199, 1200 [2011], *lv denied* 18 NY3d 803 [2012]), and that the best interests of the children would not be served by awarding sole custody to the father (*see Matter of Shearer v Spisak*, 90 AD3d 1346, 1347 [2011]).

We also reject the father's contention that Family Court erred in failing to provide him with visitation rights. While the father's petition was denominated as seeking visitation, as well as custody, the body of the petition requested "custody. I want to see and be with my FAMILY & KIDS OR NOTHING. *ALL TOGETHER*." Even assuming that the petition did seek visitation, the record amply supports Family Court's finding that the father "has serious mental health issues, that he is in serious need of anger management, among other things, and that until he recognizes those needs and obtains that treatment it is not in these children's best interest[s] to have any contact with him whatsoever." For example, there was testimony regarding, among other things, the father's animosity toward the mother, domestic violence incidents during which the children were present—some of which led to the father's conviction of various crimes and his incarceration—the father's lack of respect for court orders and his lack of insight into his conduct and emotional issues and their effect on the children. In our view, the evidence was sufficient to establish exceptional circumstances, and we discern no abuse of Family Court's discretion in determining that visitation with the father would be inimical to the children's well-being (*see Weiss v Weiss*, 52 NY2d 170, 175

[1981]; *Matter of Newton v Simons*, 52 AD3d 895, 896 [2008]; *Matter of Beverly v Bredice*, 299 AD2d 747, 748 [2002]).[2]

We have examined the father's remaining contentions and find them to be without merit.

Peters, P.J., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.

---

2. While not dispositive, we note that the attorney for the children is in accord with Family Court's determination (*see Matter of Nicole K. [Melissa K.]*, 85 AD3d 1231, 1233 [2011]).