■ In the Matter of Kashif II., Appellant, v Lataya KK., Respondent. (And Two Other Related Proceedings.) [953 NYS2d 306]—

Rose, J.P.

---

Petitioner (hereinafter the father) and respondent (hereinafter the mother) agreed in April 2010 to a stipulated order of custody granting the mother sole legal custody of their child (born in 2006) and awarding the father visitation on alternating weekends, an overnight stay each Wednesday and additional visitation at any other times as the parties may agree. The father commenced this visitation modification proceeding two months later in June 2010. He then amended his petition in August 2010, seeking, among other things, to increase his visitation to two consecutive overnight stays during each week and add the Saturdays when he is not ordered to have visitation but the mother is working. The father also commenced a family offense proceeding alleging, among other things, that the mother physically abused the child by hitting him with a belt.* After fact-finding hearings on the petitions, Family Court dismissed them at the close of the father's presentation of evidence, finding that he failed to demonstrate that the mother committed a family offense or that a sufficient change in circumstances warranting modification of the visitation schedule had occurred. The father now appeals.

With respect to the family offense petition, the complete lack of any evidence that the child's physical condition was impaired or that he was caused substantial pain supports Family Court's conclusion that the father failed to establish that the mother's admitted conduct of having used a belt to discipline the child rose to the level of assault in the third degree (*see* Penal Law §§ 10.00 [9]; 120.00; *Matter of Ortiz v Ortiz*, 2 AD3d 1236, 1237 [2003]; *compare Matter of Boua TT. v Quamy UU.*, 66 AD3d 1165, 1166 [2009], *lv denied* 14 NY3d 702 [2010]). Although Family Court referred to a report prepared by the Broome County Department of Social Services pursuant to Family Ct Act § 1034, which is not included in the record, it apparently determined that the allegations of excessive corporal punishment were unfounded. Inasmuch as the father failed to support his family offense petition with sufficient evidence, any error in considering the report without giving the parties an opportunity

---

* Prior to the fact-finding hearing, Family Court, on its own motion, dismissed the family offense petition against the mother's boyfriend. We note that Family Court's action was without prejudice to the father filing a new petition against the boyfriend. Moreover, while the father claims that the severance of the petitions was error in that he was unable to call the boyfriend to testify, he did not register this objection before Family Court and did not otherwise seek to call the boyfriend as a witness.

to address it was harmless (*see Matter of Thomas v Osborne*, 51 AD3d 1064, 1069 [2008]; *Matter of Rush v Rush*, 201 AD2d 836, 838 [1994]).

With respect to the modification petitions, the father was required to demonstrate "a change in circumstances that reflects a genuine need for the modification so as to ensure the best interests of the child" (*Matter of D'Angelo v Lopez*, 94 AD3d 1261, 1262 [2012] [internal quotation marks and citations omitted]; *accord Matter of Rikard v Matson*, 80 AD3d 968, 969 [2011], *lv denied* 16 NY3d 709 [2011]). Only where this threshold showing has been made may the court proceed to the best interests analysis (*see Matter of Clark v Ingraham*, 88 AD3d 1079, 1079 [2011]; *Matter of Scott QQ. v Stephanie RR.*, 75 AD3d 798, 800 [2010]). Although the father contends that his access to the child has been limited by the mother and that she refuses to provide him with additional visitation, there is no evidence in the record that the mother interfered with the father's scheduled visitation. As for the father's desire for additional visitation beyond the terms of the stipulated order, the mother's unwillingness to agree to it, without more, is insufficient to establish a change in circumstances (*see Matter of Gridley v Syrko*, 50 AD3d 1560, 1561 [2008]; *Matter of Chase v Benjamin*, 44 AD3d 1130, 1131-1132 [2007]; *Matter of Schwitzer v Plank*, 8 AD3d 1077, 1077 [2004]). Accordingly, Family Court properly dismissed both modification petitions (*see Matter of Ildefonso v Brooker*, 94 AD3d 1344, 1344 [2012]; *Matter of Owens v O'Brien*, 91 AD3d 1049, 1050-1051 [2012]; *Matter of Dickinson v Dickinson*, 309 AD2d 994, 995 [2003]).

Finally, as the child's position has been properly communicated to us, there is no basis for a finding that the attorney for the child has failed to fulfill her responsibility (*see* 22 NYCRR 7.2 [d] [3]; *compare Matter of Mark T. v Joyanna U.*, 64 AD3d 1092, 1092 [2009]). We have considered the father's remaining contentions and find them to be without merit.

Spain, Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.