Matter of Mullings v Abrahams (2019 NY Slip Op 02880)





Matter of Mullings v Abrahams


2019 NY Slip Op 02880


Decided on April 17, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-02259
 (Docket No. O-6833-16)

[*1]In the Matter of Wesley Mullings, etc., appellant,
v
Richard Abrahams, respondent.


David M. Rosoff, White Plains, NY, for appellant.
Thomas F. Fanelli, Jr., White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Westchester County (Gail B. Rice, J.), dated February 6, 2018. The order, after a fact-finding hearing, in effect, denied the family offense petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding on behalf of his son (hereinafter the child) against the child's stepfather. The allegations in a family offense proceeding must be "supported by a fair preponderance of the evidence" (Family Ct Act § 832; see Matter of Saquipay v Puzhi, 160 AD3d 879, 879; Matter of Shank v Shank, 155 AD3d 875, 876). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court (see Matter of Richardson v Richardson, 80 AD3d 32, 43; Matter of Hall v Hall, 45 AD3d 842; Matter of Pastore v Russo, 38 AD3d 556). Here, the Family Court's finding that the petitioner failed to adduce sufficient evidence to establish that a family offense was committed by the respondent is supported by the record (see Matter of Richardson v Richardson, 80 AD3d 32, 44; Matter of Ortiz v Ortiz, 2 AD3d 1236).
The Family Court providently exercised its discretion in declining to compel the child to testify (see Matter of Amoya S. [Henry C.-Syvonne C.], 100 AD3d 641; Matter of Imman H., 49 AD3d 879, 881).
The petitioner's remaining contentions are, for the most part, unpreserved for appellate review. In any event, the contentions are without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court