Matter of Pierre N. v Tasheca O. (2019 NY Slip Op 04802)





Matter of Pierre N. v Tasheca O.


2019 NY Slip Op 04802


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526812

[*1]In the Matter of PIERRE N., Appellant,
v
TASHECA O., Respondent.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Sandra M. Colatosti, Albany, for appellant.
Carolyn Snyder Lemmon, Albany, for respondent.
Jeffrey Berkun, Albany, attorney for the children.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Family Court of Albany County (M. Walsh, J.), entered May 24, 2018, which, in a proceeding pursuant to Family Ct Act article 6, dismissed the petition at the close of petitioner's proof.
In November 2016, petitioner (hereinafter the father) filed a
petition seeking to modify a previous default custody order, issued September 2016, which had granted respondent (hereinafter the mother) sole legal and physical custody of their four children. The father sought custody of his three younger children (hereinafter the subject children), as the oldest child already resided with him. The modification petition alleged that "[t]he children are not in a safe environment with [the mother,] she does not pay attention to them[,] they need attention[,] guidance [and] love." A hearing took place in March and April 2018 and, at the close of the father's proof, Family Court granted the mother's motion to dismiss the petition based upon, among other things, a failure to show a change in circumstances [FN1]. The father appeals.
"The party petitioning to modify a custody order bears the burden of demonstrating first, that there has been a change in circumstances since the prior order, and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of Brent O. v Lisa P., 161 AD3d 1242, 1243 [2018] [internal quotation marks and citations omitted]; see Matter of Kvasny v Sherrick, 155 AD3d 1366, 1366 [2017]). A change in circumstances is demonstrated through "new developments or changes [that] have occurred" since the previous custody order was entered (Matter of Rehman v Sheikh, 152 AD3d 910, 912 [2017]).

[*2]Here, approximately two months had elapsed since the prior custody order was issued, and the petition itself "'fail[ed] to factually aver any change in circumstances'" that had occurred during that two-month period (Matter of Ildefonso v Brooker, 94 AD3d 1344, 1345 [2012], quoting Matter of Deuel v Dalton, 33 AD3d 1158, 1159 [2006]). Rather, the petition only stated general concerns. Moreover, no evidence of such a change in circumstances during the relevant two-month time period was adduced during the fact-finding hearing (see Matter of Ildefonso v Brooker, 94 AD3d at 1345; Matter of Clark v Ingraham, 88 AD3d 1079, 1079 [2011]); thus, "the father was not entitled to a best interests determination" (Matter of Ildefonso v Brooker, 94 AD3d at 1345). Although the testimony at the hearing portrayed a historically chaotic and troubled family, none of the proof was focused on the relevant time frame and, as such, Family Court properly dismissed the petition based on a failure to demonstrate the requisite change in circumstances (see Matter of Ildefonso v Brooker, 94 AD3d at 1345; Matter of Deuel v Dalton, 33 AD3d at 1159). In light of this determination, the father's remaining contentions are rendered academic.

Lynch, J.P., Clark, Devine and Aarons, JJ., concur.



 ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The attorney for the child joined the mother's motion.