Matter of Thomas KK. v Anne JJ. (2019 NY Slip Op 07463)





Matter of Thomas KK. v Anne JJ.


2019 NY Slip Op 07463


Decided on October 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 17, 2019

527302

[*1]In the Matter of Thomas KK., Appellant,
v
Anne JJ., Respondent.

Calendar Date: September 3, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Christopher Hammond, Cooperstown, for respondent.
William L. Koslosky, Utica, attorney for the child.



Lynch, J.
Appeal from an order of the Family Court of Otsego County (Burns, J.), entered August 6, 2018, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion to dismiss the petition at the close of petitioner's proof.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child
(born in 2006). An order of custody issued in June 2008 granted the mother sole legal and physical custody of the child. A February 2012 order granted the father parenting time with the child on alternate weekends and "such other and further visitation as the parties can agree." In June 2016, the father was granted additional telephone contact with the child. In March 2018, the father filed a petition seeking joint legal custody and one month of uninterrupted parenting time during the child's summer vacation. At the fact-finding hearing, the mother — joined by the attorney for the child — moved to dismiss the father's petition at the close of his proof, claiming that the father failed to establish a change in circumstances. Family Court granted the motion, and the father appeals.
A party seeking to modify a prior custody order "is required to demonstrate that a change in circumstances has occurred since the entry thereof to warrant the court undertaking a best interests analysis" (Matter of Kristen II. v Benjamin JJ., 169 AD3d 1176, 1177 [2019] [internal quotation marks and citation omitted]). A change in circumstances is demonstrated through "new developments or changes that have occurred since the previous custody order was entered" (Matter of Pierre N. v Tasheca O., 173 AD3d 1408, 1408 [2019] [internal quotation marks, brackets and citation omitted]). Where, as here, a motion is made to dismiss a modification petition, "the court must accept the petitioner's evidence as true and afford the petitioner every favorable inference that could reasonably be drawn from that evidence, including resolving all credibility questions in the petitioner's favor" (Matter of Judith DD. v Ahava DD., 172 AD3d 1488, 1489 [2019] [internal quotation marks and citation omitted]).
The father alleged in his petition that the mother was "unwilling[ ]" to allow any additional parenting time beyond what was set forth in the prior order. At the hearing, the father testified that he exercised his scheduled parenting time "[a]s best [as he could]," and the mother would not grant his requests for more time with the child. The father testified that, from the child's birth, he never "fought for [his] right of legacy," but as the child grew older, he believed that his "influence" was needed, and he believed that joint legal custody was necessary to change the child's perception of him as having less of a "say" over her.
We find that Family Court properly dismissed the father's modification petition. Rather than identifying new developments or circumstances involving the child, the focus of the father's testimony was his belief that he had, in effect, a "right" to have more control over the child's upbringing. The father testified that the mother was "sullen" and would not agree to expanding his parenting time. He also testified that the mother did not want the child exposed to his church and religious practice, but that he had taken the child to services anyway. Although a change in circumstances may be demonstrated by a child's changing needs over time, here, not quite two years had passed since entry of the prior order, and the father's testimony failed to support such a finding (see Matter of Chase v Benjamin, 44 AD3d 1130, 1131 [2007]). Further, there was no evidence that the mother interfered with the father's scheduled parenting time, and his claim that she would not agree to additional time is not a change in circumstances that would warrant consideration of the child's best interests (see Matter of Kashif II. v Lataya KK., 99 AD3d 1075, 1077 [2012]). In the absence of any proof of changed circumstances, Family Court properly dismissed the father's modification petition (see Matter of William O. v John A., 151 AD3d 1203, 1205 [2017], lv denied 30 NY3d 902 [2017]).
We also are not persuaded by the father's argument that he was denied the effective assistance of counsel. To maintain a claim of ineffective assistance of counsel, "a party must demonstrate that he or she was deprived of meaningful representation as a result of his or her lawyer's deficiencies" (Matter of Tracey L. v Corey M., 151 AD3d 1209, 1212 [2017] [internal quotation marks, brackets and citation omitted]). Representation is "meaningful" if it is "reasonably competent" (Matter of Brent O. v Lisa P., 161 AD3d 1242, 1246-1247 [2018] [internal quotation marks and citations omitted]). In response to the mother's motion, which was supported by the attorney for the child, the father's attorney argued that joint legal custody was appropriate because the father had been "involved" in the child's life. Counsel questioned the father at length about the circumstances supporting his modification petition. As set forth above, the father's own testimony established his general view of parenting, but no specific factors that demonstrated a change in circumstances were adduced. He does not claim that he provided counsel with any information or additional evidence that could have been used to successfully oppose the mother's motion to dismiss. Under these circumstances, we find that counsel's representation was reasonably competent and, thus, effective (see Matter of Amanda YY. v Ramon ZZ., 167 AD3d 1260, 1263 [2018]; Matter of Perry v Perry, 52 AD3d 906, 907 [2008], lv denied 11 NY3d 707 [2008]).
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.