Matter of Theressa M. v Gaddiel M. (2024 NY Slip Op 03115)

Matter of Theressa M. v Gaddiel M.

2024 NY Slip Op 03115

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

CV-23-0492
[*1]In the Matter of Theressa M., Respondent,
v
Gaddiel M., Appellant.

Calendar Date:April 25, 2024

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Sandra M. Colatosti, Albany, for appellant.
Karen R. Crandall, Schenectady, for respondent.
Lawrence E. Becker, Albany, attorney for the children.

McShan, J.
Appeal from an order of the Family Court of Schenectady County (Jill S. Polk, J.), entered January 30, 2023, which partially granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' children.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2016 and 2019). In June 2022, the mother filed a petition seeking sole legal and physical custody of the children. Following a single-day fact-finding hearing in November 2022, Family Court, among other things, granted the parties joint legal custody with the mother having primary physical custody and final decision-making authority.[FN1] As relevant to this appeal, Family Court also provided the mother with the "sole discretion . . . to determine the parenting time the father will have." Family Court's ensuing written order in January 2023 memorialized that determination and provided that the father "shall have parenting time with the children at such times and places and under such conditions determined by the mother." The father appeals.
The father's challenge on this appeal is primarily directed at Family Court's delegation of the authority to determine his parenting time to the mother, which he contends is improper. We agree. "Unless parenting time is inimical to the children's welfare, the court is required to structure a schedule which results in frequent and regular access by the noncustodial parent. In so doing, the court cannot delegate its authority to determine parenting time to either a parent or a child" (Matter of Jessica HH. v Sean HH., 196 AD3d 750, 755 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Aree RR. v John SS., 176 AD3d 1516, 1518 [3d Dept 2019]). The mother suggested at the hearing that Family Court award the father supervised parenting time with the paternal grandmother after raising concerns regarding the father's substance abuse issues and prior acts of domestic violence against her that occurred in the presence of the children. While that arrangement may prove viable, the passage of time since Family Court's order, coupled with the lack of information concerning the parties' current circumstances, warrants remittal to Family Court for a hearing to promptly determine whether parenting time with the father would be detrimental to the children and, if not, for a further determination as to "the type of parenting time warranted by the record evidence (e.g., therapeutic visitation, supervised parenting time, unsupervised parenting time, etc.), the amount, duration and location of such parenting time (e.g., a graduated schedule, overnight parenting, etc.) and any other provisions that would develop and/or promote a healthy and meaningful relationship between the father and the child[ren] (e.g., reasonable phone/video contact, written communication, etc.)" (Matter of Laura E. v John D., 216 AD3d 1274, 1277 [3d Dept 2023] [internal [*2]quotation marks, ellipsis, brackets and citation omitted]; see Matter of Cecelia BB. v Frank CC., 200 AD3d 1411, 1417 [3d Dept 2021]).[FN2]
Egan Jr., J.P., Aarons, Fisher and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as relates to the father's parenting time; matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision, said proceedings to be commenced within 30 days of the date of this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: The father did not personally appear at the hearing, however, his counsel fully participated on his behalf and advocated for joint custody.
Footnote 2: The mother and the attorney for the children, in the alternative to their arguments in favor of affirming Family Court's order, ask that we grant the mother sole legal custody. As the mother has not cross-appealed the award of joint legal custody, we may not modify that aspect of Family Court's order (see Matter of Rikard v Matson, 80 AD3d 968, 971 n 3 [3d Dept 2011], lv denied 16 NY3d 709 [2011]).