■ In the Matter of AUDREY K., Appellant, v CAROLYN L., Respondent. [740 NYS2d 894] —Crew III, J.P. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered July 14, 2000, which, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion to dismiss the petition.

Petitioner commenced this proceeding seeking to modify a prior order of custody granting sole legal and physical custody of her child (born in 1995) to respondent, the child's paternal grandmother. Respondent moved to dismiss based upon the facial insufficiency of the underlying pleadings. Family Court granted respondent's motion, prompting this appeal by petitioner.

We affirm. The sole argument advanced by petitioner in her brief is that Family Court erred in dismissing this modification proceeding without first conducting an evidentiary hearing. We cannot agree. It is well settled that a petition for modification of a prior custody arrangement must allege facts which, if established, would afford the petitioner a basis for relief and, further, that such petitioner must make a sufficient evidentiary showing to trigger a hearing in this regard (*see, Matter of*

---

*Bryant-Bosshold v Bosshold*, 273 AD2d 717, 718). Here, petitioner's conclusory and entirely unsubstantiated allegations regarding the purported change in circumstances fell far short of this standard and, as such, Family Court did not err in dismissing the petition without a hearing. Contrary to petitioner's assertion, Family Court's determination in this regard was not predicated solely upon petitioner's inability and/or failure to engage in supervised visitations with the child. Although the lack of contact between petitioner and her child certainly was of concern to the court, a review of the colloquy between Family Court and counsel reveals that the court undertook an appropriate analysis prior to dismissing the proceeding.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.