◼ In the Matter of WILLIAM BB., Respondent, v SUSAN DD., Appellant. [818 NYS2d 354]—

Mugglin, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered February 14, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

By stipulation incorporated into their divorce decree, petitioner (hereinafter the father) and respondent (hereinafter the mother) shared joint legal and physical (alternating weeks) custody of their three children, William (born in 1993), Christopher (born in 1996) and Kathryn (born in 1998). In May 2004, due to the mother's abuse of alcohol, Family Court awarded temporary sole, legal and physical custody to the father,

with supervised visitation to the mother. In September 2004, the parties resumed the alternate weekly physical custody schedule and the Family Court order was modified to require the mother to complete alcohol rehabilitation treatment and, until November 2004, to equip her automobile with a sensalock device that would prevent her from starting her car if her blood alcohol level was excessive. When, in February 2005, the mother was arrested for driving while intoxicated, the father sought further modification of the custodial arrangement. Following hearings, Family Court ordered joint legal custody with primary physical custody being awarded to the father. With respect to visitation, Family Court ordered in the second decretal paragraph: "Parenting time with the Mother shall be at times and places as agreed under such circumstances and conditions as the Father determines are necessary to protect the safety and general welfare of the children." The mother appeals, asserting that Family Court erred by improperly delegating to the father the court's responsibility to structure a visitation schedule. We agree.

The record contains ample evidence that the mother has struggled with alcohol dependency and depression. The record also reveals the father's expressed intention to allow the mother to have meaningful interaction and regular visitation with the children. Nevertheless, despite Family Court's understandable concern that the mother could suffer a relapse at any time, "[u]nless visitation is inimical to the child's welfare, Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent" (*Matter of Maziejka v Fennelly*, 3 AD3d 748, 749 [2004] [citations omitted]. The court's authority in this respect can no more be delegated to one of the parties than it can be to a child (*see Matter of Jordan v Jordan*, 288 AD2d 709, 710 [2001]) or to a therapist (*see Matter of Millett v Millett*, 270 AD2d 520, 522 [2000]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by deleting the second decretal paragraph thereof; matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.