Egan Jr., J.
Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered June 28, 2011, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent’s motion to dismiss the amended petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of three children (born in 2002, 2004 and 2005). In September 2005, and upon the father’s default, Family Court awarded the mother custody of the children with visitation to the father at the mother’s discretion. Following additional proceedings in 2009, a similar order was entered in April 2010 — again upon the father’s default and again awarding custody to the mother and visitation to the father at her discretion.
In October 2010, the father commenced the instant proceeding pro se seeking modification of the April 2010 order. In response to the mother’s motion to dismiss, the father — with the aid of counsel — filed an amended petition seeking the same relief. Family Court granted the mother’s subsequent motion to dismiss, finding that the father failed to allege sufficient facts to warrant a hearing. This appeal by the father ensued.
“It is well settled that a petition for modification of a prior custody arrangement must allege facts which, if established, would afford the petitioner a basis for relief and, further, that such petitioner must make a sufficient evidentiary showing to trigger a hearing in this regard” (Matter of Audrey K. v Carolyn L., 294 AD2d 624, 624 [2002] [citation omitted]; see Matter of Christopher B. v Patricia B., 75 AD3d 871, 872 [2010]; Matter of Bjork v Bjork, 23 AD3d 784, 785 [2005], lv denied 6 NY3d 707 [2006]). The father failed to make such a showing here. The vast majority of the father’s allegations — as set forth in the amended petition — relate to incidents and conduct that predate Family Court’s April 2010 order. To the extent that the father referenced events that transpired subsequent thereto, we find his conclusory and otherwise unsubstantiated allegations in this regard to be insufficient to warrant an evidentiary hearing (see Matter of Bjork v Bjork, 23 AD3d at 785; Matter of Audrey K. v Carolyn L., 294 AD2d at 625; compare Matter of Christopher B. v Patricia B., 75 AD3d at 872-873). Accordingly, Family Court properly dismissed that portion of the father’s amended petition seeking to modify the prior custody arrangement.
We reach a different conclusion, however, as to the issue of *1605 visitation. “[U]nless visitation is inimical to the [children’s] welfare, Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent” (Matter of William BB. v Susan DD., 31 AD3d 907, 908 [2006] [internal quotation marks and citations omitted]). In so doing, Family Court cannot “delegate its authority to determine visitation to either a parent or a child” (William-Torand v Torand, 73 AD3d 605, 606 [2010]; see Matter of Taylor v Fry, 63 AD3d 1217, 1219 [2009]; Matter of William BB. v Susan DD., 31 AD3d at 908; cf. Matter of Holland v Holland, 92 AD3d 1096, 1096-1097 [2012]), which is precisely what occurred here. Accordingly, Family Court’s order is modified to that extent, and this matter is remitted to Family Court for a hearing in this regard.
Peters, EJ., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the amended petition seeking modification of the prior visitation order; matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.