In the Matter of DYLAN MC. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; MICHELLE M. MC., Appellant. (Proceeding No. 1.) In the Matter of CONNOR MC. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES et al., Respondents; MICHELLE M. MC., Appellant. (Proceeding No. 2.) In the Matter of MICHAEL W., Respondent, v MICHELLE M. MC., Appellant, et al., Respondent. (Proceeding No. 3.) [964 NYS2d 209]—

In two related child protective proceedings pursuant to Family Court Act article 10, and a related child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Greenberg, J.), dated April 13, 2011, which, after a hearing, granted the father's petition for custody of the subject children and awarded her only therapeutic supervised visitation and any other supervised visitation agreed upon by the parties.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court did not improperly delegate its authority to determine visitation issues in the best interests of the children to the court-appointed forensic evaluator (*cf. Matter of Balgley v Cohen*, 73 AD3d 1038, 1038 [2010]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774, 776 [2009]; *Matter of Held v Gomez*, 35 AD3d 608, 608 [2006]; *Matter of Grisanti v Grisanti*, 4 AD3d 471, 474-475 [2004]; *Johnson v Johnson*, 303 AD2d 641, 642 [2003]), or to either or both of the parents (*cf. Matter of Taylor v Jackson*, 95 AD3d 1604, 1605 [2012]; *Matter of Taylor v Fry*, 63 AD3d 1217, 1219 [2009]; *Matter of William BB. v Susan DD.*, 31 AD3d 907, 908 [2006]).

The Family Court did not improvidently exercise its discretion in denying the mother's counsel's request to be relieved eight months after the combined dispositional and custody hearing had begun (*see Matter of Khan v Dolly*, 39 AD3d 649, 650 [2007]; *Cashdan v Cashdan*, 243 AD2d 598, 598 [1997]). There is no evidence that the mother's conduct rendered it unreasonably difficult for counsel "to carry out employment effectively" (*Green v Gasparini*, 24 AD3d 505, 506 [2005]; *see generally Walker v Mount Vernon Hosp.*, 5 AD3d 590, 590 [2004]).

The mother's claim of ineffective assistance of counsel is without merit. Viewed in totality, the record shows that the mother received meaningful representation (*see Matter of Marra v Hernandez*, 102 AD3d 699, 700 [2013]; *Matter of Rodriguez v Suarez*, 93 AD3d 730, 730 [2012]; *Matter of Larrier v Williams*, 84 AD3d 805, 806 [2011]). The mother failed to show that any of counsel's alleged deficiencies constituted anything other than a legitimate, albeit unsuccessful, trial strategy (*see Matter of Larrier v Williams*, 84 AD3d at 806; *Matter of Lewis v Cross*, 80 AD3d 835, 837 [2011]). Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.