Lahtinen, J.
Appeal from an order of the Family Court of Tioga County (Morris, J.), entered April 25, 2012, which, among other things, partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.
*1164 Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the divorced parents of four children, the two youngest of whom, a son (born in 1998) and a daughter (born in 2000), are the subjects of this appeal. In September 2010, the father brought a proceeding seeking custody of the minor children. After the mother failed to appear, Family Court, in a November 2010 order, granted joint legal custody of the children with primary physical custody to the father on default, “without prejudice” to the mother’s rights. Thereafter, the mother commenced this modification proceeding in October 2011, seeking primary physical custody of both children. Following a fact-finding hearing, the court determined that, among other things, the mother demonstrated a change in circumstances warranting modification of the portion of the prior order granting primary physical custody to the father to a shared physical custody arrangement consisting of alternating two-week custody periods between the two households. The mother now appeals, arguing that primary physical custody of both children should have been awarded to her.
We conclude that the record lacks “a sound and substantial basis” (Matter of Rikard v Matson, 80 AD3d 968, 970 [2011], lv denied 16 NY3d 709 [2011] [internal quotation marks and citation omitted]) for Family Court’s determination that shared physical custody — as opposed to primary physical custody with one of the parents — was appropriate under the facts of this case. Notably, neither party appears to have requested such relief, and the parties’ testimony at the fact-finding hearing was replete with mutual allegations of domestic violence and poor communication, as well as descriptions of vastly differing parenting styles. Moreover, although not a determinative factor, we note the absence in the court’s decision of any discussion concerning the wishes or preferences of the children, both of whom are in their teens, even though this factor should be “entitled to great weight” (Matter of McGovern v McGovern, 58 AD3d 911, 915 [2009]).* Nor is there any discussion addressing the difficulties in a shared custody arrangement raised by the testimony concerning the son’s alleged preference to live in the mother’s home. Additionally, while the court specifically found that there was some evidence that the father “does not fully understand or appreciate the daughter’s dietary needs and her medical issues,” it was not explained how this concern would be met by the alternating physical custody schedule set forth in the decision. Given these and other concerns raised by the parties’ testimony, we deem it appropriate to remit the matter to *1165 Family Court for a determination of primary physical custody of the children, accompanied by appropriate findings detailing the facts essential to such decision (see Matter of Whitaker v Murray, 50 AD3d 1185, 1186 [2008]).
Peters, P.J., Rose and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as awarded the parties joint physical custody; matter remitted to the Family Court of Tioga County for further proceedings not inconsistent with this Court’s decision; and, as so modified, affirmed.

 A Lincoln hearing was conducted with only one of the children.