Lahtinen, J.P.
Eetitioner (hereinafter the mother) and respondent Michael WW. (hereinafter the father) are the parents of a daughter born in 2001. In 2008, Family Court, in a neglect proceeding pursuant to Family Ct Act article 10, found the child neglected and placed the child with her paternal grandmother, respondent Gail WW (hereinafter the grandmother). In April 2010, Family Court granted joint legal custody of the child to the mother, the father and the grandmother, with the grandmother continuing to have physical custody. The order set forth that visitation for the mother would be as stated in the orders in the neglect proceeding, which provided for weekly supervised visitation. In November 2011, the mother commenced this proceeding seeking to modify the visitation order because the pertinent Family Ct Act article 10 orders had been dismissed. She requested weekly visitation and approval of her husband (whom she had recently married) as an additional visitation supervisor. Following a hearing, Family Court modified the April 2010 order by, among other things, setting the mother’s visitation as a two- *890 hour period, held “a minimum of one time each month,” supervised by the grandmother or such person as the grandmother designated. The mother appeals.
A visitation order may be modified “upon a showing that there has been a sufficient subsequent change in circumstances and that modification is necessary to ensure the best interests of the child[ ]” (Matter of Bond v MacLeod, 83 AD3d 1304, 1305 [2011]; see Matter of Yeager v Yeager, 110 AD3d 1207, 1209 [2013]; Matter of Rohan AA. v Lonna CC., 109 AD3d 1051, 1052 [2013]). A sufficient change in circumstances was established by the fact that the dismissal of the neglect orders left the April 2010 order with no visitation provision regarding the mother. There is not, however, a sound and substantial basis in this record to reduce the mother’s visitation from one supervised visit per week as existed under the prior orders to as little as one supervised two-hour visit per month.
There is a presumption that visitation with the noncustodial parent is in the child’s best interests (see Matter of Robert AA. v Colleen BB., 101 AD3d 1396, 1397 [2012], lv denied 20 NY3d 860 [2013]; Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1117 [2011]). Here, the mother presented proof that, since the time of the prior orders, she had improved her personal life, parenting skills, and living situation. Family Court did not find that her proof lacked credibility, nor was contrary proof presented that the court credited. The decision to substantially reduce the mother’s parenting time appears to have been improperly premised upon the fact that weekly visits were inconvenient for the grandmother.
The attorney for the child urges that the child should have been interviewed in camera. Although “[t]he determination of whether to hold a Lincoln hearing lies within Family Court’s discretion” (Matter of DeRuzzio v Ruggles, 88 AD3d 1091, 1091 [2011]), we note that, given her age and in light of representations by others of the child’s wishes, hearing from the child in camera, while not dispositive, could be an insightful and useful factor in determining the extent to which her mother’s visitation is in the child’s best interests (see Matter of Yeager v Yeager, 110 AD3d at 1209-1210; Matter of Stout v Gee, 110 AD3d 1163, 1164 [2013]).
Finally, we find merit in the argument of the mother and the attorney for the child that the record lacks a sound and substantial basis for Family Court’s denial of the mother’s request to have her husband supervise visitation. Her husband testified that, although he is a citizen of another country, he has been in the United States since 2009 pursuing a doctoral degree *891 at Clarkson University, had no plans to return to his native country and would leave his passport on file with Family Court when acting as a visitation supervisor. He fully acknowledged the responsibilities his role as a visitation supervisor would entail. Family Court did not indicate that it was discrediting any aspect of the husband’s testimony or that it found his qualifications deficient in any manner, but appears to have rested its decision solely upon the failure of the Department of Social Services to file an investigative report regarding him. However, the husband testified that he had cooperated with the Department and provided it with the requested information. Moreover, the grandmother was authorized to designate anyone of her choosing to act as a visitation supervisor, without any inquiry of the person’s qualifications. Although on this record we cannot make the credibility assessment implicated in determining whether the husband is an appropriate person to supervise visitation, basing such a determination solely on the Department’s failure to act on information provided to it was not proper. The matter must be remitted for a determination on such issue and, if necessary, further proof with respect thereto. The remaining arguments, to the extent not rendered academic, are unavailing.
Stein, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as reduced petitioner’s visitation to as little as one time per month and denied petitioner’s request to have her husband supervise visitation; matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court’s decision and, pending said proceedings, the visitation terms of said order shall remain in effect on a temporary basis; and, as so modified, affirmed.