■ In the Matter of Tod ZZ., Respondent, v Paula ZZ., Appellant. (And Five Other Related Proceedings.) [979 NYS2d 710]—

McCarthy, J.

Respondent (hereinafter the mother) is the mother of both of the children in this proceeding (born in 1997 and 2008) and petitioner (hereinafter the father) is the biological father of the younger child. In January 2010, the parties, who are married but separated, consented to joint legal custody of the children, with physical custody to the mother and visitation to the father. In May 2011, after the mother consented to a finding of neglect of both children under an adjournment in contemplation of dismissal, joint physical custody of the older child was ordered, with each party having custody on alternating weeks.* Joint legal custody of the children was continued and physical custody of the younger child remained with the mother, with visitation to the father.

The father subsequently filed two modification petitions, seeking sole custody of the children, and Family Court entered a temporary order in September 2011 granting the father physical custody of both children, with visitation to the mother. Thereafter, the father filed a violation petition alleging that the mother had violated the temporary order. The mother also filed two petitions seeking modification of the temporary order and a family offense petition alleging harassment by the father. Following a fact-finding hearing and a *Lincoln* hearing with the older child, Family Court granted the father's modification petitions, awarding him custody of the children with liberal visita-

---

* As part of that order, Family Court found extraordinary circumstances to support the application for the father, as a nonparent, to gain custody of the older child.

tion to the mother, and dismissed the remaining petitions. The mother appeals.

"An alteration of an established custody arrangement requires a showing of a change in circumstances reflecting a real need for change in order to insure the continued best interest[s] of the child[ren]" (*Matter of Henderson v MacCarrick*, 74 AD3d 1437, 1439 [2010] [internal quotation marks and citations omitted]; *accord Matter of Rikard v Matson*, 80 AD3d 968, 969 [2011], *lv denied* 16 NY3d 709 [2011]). "In determining whether a modification will serve the best interests of the children, factors to be considered include maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development" (*Matter of Siler v Wright*, 64 AD3d 926, 928 [2009] [citations omitted]; *accord Matter of Bush v Bush*, 74 AD3d 1448, 1449 [2010], *lv denied* 15 NY3d 711 [2010]).

Initially, contrary to the mother's contention, inasmuch as the father's pro se pleadings are to be liberally construed (*see* Family Ct Act § 165 [a]; CPLR 3026; *Matter of Lagano v Soule*, 86 AD3d 665, 666 [2011]), we find that he alleged facts sufficient to constitute a change in circumstances since the prior order to warrant a fact-finding hearing (*see Matter of Whitaker v Murray*, 50 AD3d 1185, 1186 [2008]). Further, the record supports Family Court's finding that the parties are unable to effectively communicate and work together as joint custodial parents for the sake of the children. They admittedly do not effectively discuss the children's needs, and each party blames the other for the failure in communication. Notably, both parties were in criminal court the day before the fact-finding hearing regarding criminal charges of harassment that the parties had filed against each other. Accordingly, we agree with Family Court's determination that the breakdown in communication between the parties demonstrated a change in circumstances requiring consideration of the children's best interests (*see Matter of Rikard v Matson*, 80 AD3d at 969-970; *Matter of Ferguson v Whible*, 55 AD3d 988, 990 [2008]).

The record also amply supports Family Court's finding that the best interests of the children will be served by granting custody to the father. While in the custody of the mother, the older child, who is a special needs student, struggled in school. He was described in his file as a behavioral problem, being aggressive at times, that he was frequently absent and that he

consistently failed to complete his schoolwork and homework. While living with the father pursuant to the temporary order, the child enrolled in a different school and his special education teacher testified that he has excelled, having an excellent attendance record and completing his schoolwork and homework on time while earning honor roll status. The father enrolled the younger child in nursery school, something the mother admittedly had not even considered. The record also reflects that the mother suffers from mental health issues, which contributed to her being found to have neglected the children. Although the neglect finding was adjourned in contemplation of dismissal in April 2011, with one of the conditions being that she participate in mental health treatment, she admittedly failed to seek treatment and the neglect finding was entered against her. At the time of the fact-finding hearing in February 2012, she had only recently sought mental health treatment. Under these circumstances, and in light of the fact that the father provides a stable home environment and has demonstrated that he is capable of providing for the children's needs, we find a sound and substantial basis for Family Court awarding custody of the children to him (*see Matter of Bush v Bush*, 104 AD3d 1069, 1072 [2013]; *Matter of Fish v Fish*, 100 AD3d 1049, 1049-1050 [2012]).

Peters, P.J., Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.