■ In the Matter of Lisa M. Ford, Appellant, v Jessica Baldi et al., Respondents. [999 NYS2d 605]—

McCarthy, J.P. Appeal from an order of the Family Court of Delaware County (Becker, J.), entered January 15, 2014, which, in a proceeding pursuant to Family Ct Act article 6, granted respondents' motion to dismiss the petition.

Petitioner (hereinafter the grandmother) is the paternal grandmother of the subject child (born in 2006). In 2008, immediately following the death of the child's father, the grandmother was granted visitation with the child every Thursday from 2:00 p.m. to 6:00 p.m. and on Saturday and Sunday of the second full weekend of each month from 9:00 a.m. until 5:00 p.m., pursuant to a stipulated order. In 2013, the grandmother commenced this proceeding seeking to modify the visitation by increasing her monthly weekend visit to include an overnight. Respondents—who are the child's biological mother and adoptive father—moved to dismiss the petition for failure to allege a sufficient change in circumstances warranting modification.

Family Court granted respondents' motion to dismiss the petition without a hearing. This appeal ensued.

We reverse. "A party seeking to modify a visitation order must show a change in circumstances resulting in a need for the modification to ensure the best interests of the child" (*Matter of Ruple v Harkenreader*, 99 AD3d 1085, 1086 [2012] [citation omitted]; *see Matter of Angela F. v Gail WW.*, 113 AD3d 889, 890 [2014]; *Matter of Terwilliger v Jubie*, 84 AD3d 1520, 1521 [2011]). Inasmuch as the grandmother filed her petition pro se, it should be construed liberally when considering whether she sufficiently alleged a change in circumstances (*see Matter of Tod ZZ. v Paula ZZ.*, 113 AD3d 1005, 1006 [2014]; *see also* CPLR 3026). Here, the grandmother alleged that an increase in visitation was warranted given that the child was older, the grandmother and child had developed a close bond, overnight visitation had never been addressed, and an overnight would permit the grandmother and the child to do more together, including spending time with family members who live farther away. While the mere passage of time and the child getting older do not constitute unanticipated changes in circumstances (*see Matter of Reese v Jones*, 279 AD2d 939, 940 [2001]), more was alleged here. Liberally construed, the grandmother's allegations in the petition adequately asserted that a sufficient change in circumstances has occurred.

Specifically, the child was less than two years old when the prior order was entered as part of a stipulation. Overnight visitation was not addressed at that time, presumably based on the child's tender age. When the instant petition was filed, the child was nearly seven years old and had been visiting with the grandmother once per week as well as Saturday and Sunday one weekend per month for more than five years, developing a close bond. This would be the first opportunity for a court to address overnight visitation, which may not have been appropriate when the child was less than two but may be appropriate for a child who is seven. Additionally, as noted by the attorney for the child, the child is now of an age where her wishes may be ascertained and taken into consideration (*see Matter of Seeley v Seeley*, 119 AD3d 1164, 1167 [2014]). Because the allegations in the petition, if proven at an evidentiary hearing, could create a basis for granting the requested relief, Family Court should not have dismissed the petition but should have proceeded to a hearing (*see Matter of Freedman v Horike*, 107 AD3d 1332, 1333-1334 [2013]; *Matter of Giovanni v Hall*, 86 AD3d 676, 677 [2011]).

Garry, Lynch and Clark, JJ., concur. Ordered that the order is

reversed, on the law, without costs, motion denied, and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent with this Court's decision.