*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 3, 2016                521047
_____

In the Matter of STARLITE
    HARRELL,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

TRISTON FOX,
                    Respondent.
_____

Calendar Date:  February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Michelle I. Rosien, Philmont, for appellant.

_____

Clark, J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered April 7, 2015, which, sua sponte, dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior award of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are, as relevant here, the parents of
three children born between 2003 and 2008.  In 2013, the father
petitioned for custody of the children and, following an
evidentiary hearing at which the mother failed to appear, Family
Court awarded the father sole legal and physical custody of the

children.[1]  That order, which did not include findings of fact,[2] contains no provision for visitation between the mother and the children and specified that "any contact" between the mother and the children was "at the [f]ather's sole discretion."  The record does not disclose what the custody arrangement was prior thereto. The mother, who at some point moved to Colorado, filed a petition in Broome County in March 2015 seeking sole custody of the children "back with the mother" and/or visitation with the children, who she alleged had "always resided with" her.  The mother alleged that, since the entry of the 2013 order, she has obtained services in Colorado for "parental guidance" and "child development," she and her husband are attending therapy and marriage counseling to address their problems including "DV problems" and her husband is attending mental health therapy and treatment.  She further alleged, among other things, that the children lacked stable housing and adequate food, they were not receiving needed medical care or mental health services and had missed a lot of school, and that the father was "often drunk." After the petition was filed, Family Court ordered a Family Ct Act § 1034 investigation, although the results are not in the record.  Family Court thereafter issued an order, apparently sua sponte and without a hearing, dismissing the mother's petition to modify custody and/or seeking visitation, finding that she had failed to allege facts constituting a sufficient change in circumstances so as to warrant a hearing.  The mother now appeals.[3]

---

[1]  The mother's appeal from the 2013 custody order was withdrawn.

[2]  No Family Court fact-finding order is in the record on appeal, and it is unclear if the required findings of fact were made (see CPLR 4213 [b]; Matter of McCullough v Harris, 119 AD3d 992, 993 [2014]).  Neither the father's 2013 custody petition nor the hearing transcript are included in the record on appeal.

[3]  While the mother's notice of appeal was written on a Family Court motion form, it contains the required information and an affidavit of service on the father and, accordingly, we will overlook any defects in the notice of appeal (see CPLR 5520;

As the party seeking to modify an existing custodial arrangement, the mother was required to demonstrate, as a threshold, that "there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Tyrel v Tyrel, 132 AD3d 1026, 1026 [2015] [internal quotation marks and citations omitted]; see Matter of Gerber v Gerber, 133 AD3d 1133, 1135 [2015]).  The mother's petition, filed pro se, "should be construed liberally when considering whether she sufficiently alleged a change in circumstances" (Matter of Ford v Baldi, 123 AD3d 1399, 1400 [2014]; see Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]; Family Ct Act § 165 [a]; CPLR 3026), and she should be accorded "the benefit of every favorable inference" (Matter of Craig O. v Barbara P., 118 AD3d 1068, 1070 [2014]; accord Matter of Pamela N. v Neil N., 93 AD3d 1107, 1109 [2012]).  "While not every petition in a Family Ct Act article 6 proceeding is automatically entitled to a hearing, generally an evidentiary hearing is necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the [children's] best interests" (Matter of Schnock v Sexton, 101 AD3d 1437, 1437 [2012] [internal quotation marks, brackets and citations omitted]).

Upon review of the serious factual allegations raised in the mother's custody petition regarding the changes in the welfare of the children since the entry of the prior order, with regard to inadequate nutrition and health care, housing instability and possible educational neglect, we find that Family Court erred in dismissing her petition without conducting a fact-finding hearing.  If established after a hearing, these factual circumstances "could afford a basis for granting the relief sought" (Matter of Schnock v Sexton, 101 AD3d at 1438; see Matter of Freedman v Horike, 107 AD3d 1332, 1333-1334 [2013]; cf. Matter

Matter of Fifield v Whiting, 118 AD3d 1072, 1073 [2014]).  Although notified of his right to do so, the father has not submitted a brief on this appeal.

of Lowe v Bonelli, 129 AD3d 1135, 1136-1137 [2015]).

With regard to the mother's request for visitation, there is a "presumption that visitation with the noncustodial parent is in the chil[ren]'s best interests" (Matter of Angela F. v Gail WW., 113 AD3d 889, 890 [2014]) and, "unless visitation is inimical to the [children's] welfare, Family Court is required to structure a schedule which results in frequent and regular access by the noncustodial parent" (Matter of Taylor v Jackson, 95 AD3d 1604, 1605 [2012]; see Matter of Nicolette I. [Leslie I.], 110 AD3d 1250, 1255 [2013]).[4]  The record before us contains virtually no factual background information and, as such, does not disclose whether the denial of all visitation to the mother "was based [up]on compelling reasons" or if "visitation would be detrimental or harmful to the child[ren]'s welfare" (Matter of Tesla Z. [Denise Z.], 90 AD3d 1193, 1194 [2011], lv denied 18 NY3d 806 [2012]).  While we express no opinion on the propriety of such visitation, we also note that the court should not have delegated to the father complete authority to determine whether there should be any visitation between the mother and children and under what conditions such contact should occur and, upon remittal, there must be a determination in this regard (see Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1049 [2014]; Matter of Nicolette I., 110 AD3d at 1255; Matter of Taylor v Jackson, 95 AD3d at 1605).

Lastly, although Family Court was not required to appoint an attorney for the children, such appointment "remains the strongly preferred practice" in matters where, as here, custody is contested (Matter of Ames v Ames, 97 AD3d 914, 916 [2012], lv denied 20 NY3d 852 [2012]; accord Matter of Keen v Stephens, 114 AD3d 1029, 1031 [2014]; see Family Ct Act § 249 [2] [a]).  In light of the serious allegations raised by the mother and the ages of the children, we urge Family Court to appoint an attorney for the children, with due regard for the results of the Family Ct Act § 1034 investigation and the parties' recent circumstances and visitation experience.

---

[4]  The record does not disclose what contact, if any, the mother has had with the children since the 2013 order.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision to be held within 14 days of the date of this decision.

ENTER:

Robert D. Mayberger
Clerk of the Court