*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 5, 2016                    519244
_____

In the Matter of REBECCA L.
    SCHMITZ,
                        Appellant,
        v                                    MEMORANDUM AND ORDER

JEREMY W. SCHMITZ,
                        Respondent.
_____


Calendar Date:  March 25, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

                        _____


        Christopher A. Pogson, Binghamton, for appellant.

        Peter Fee, Vestal, for respondent.

        John M. Scanlon, Binghamton, attorney for the children.


                        _____


Garry, J.

        Appeal from an order of the Family Court of Broome County
(Pines, J.), entered June 11, 2014, which partially granted
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of two children (born in
2005 and 2007).  The parties separated in 2008 and divorced in
2012.  Their judgment of divorce incorporated a 2008 consent
order providing for joint legal and physical custody, with the
children residing with each parent for roughly half of each week,
and changeovers occurring on Saturday and Tuesday evenings.  The
parties thereafter agreed to informal adjustments to this

schedule.  On most weekdays after school, the children went to the home of the father and remained there until the mother picked them up on her way home from work in the evening.

In August 2013, the mother filed a petition seeking to modify the schedule.  She proposed that the children could be with her overnight from Sunday evening to Saturday evening, and with the father from Saturday evening until Sunday evening and after school each weekday until 5:30 p.m., except Monday, when they would remain with him until 7:00 p.m.  Following a hearing, Family Court granted primary residence to the mother "for school purposes only," with custodial periods for the father from Saturday at 5:30 p.m. to Monday morning at 7:00 a.m. and after school each weekday until 7:00 p.m., except Friday, when the mother's custodial time begins at 5:30 p.m.  The mother appeals.

A parent seeking to modify a custody order must demonstrate that a change in circumstances has occurred that warrants an inquiry into the children's best interests; once this showing has been made, "the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015]; accord Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016]; Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1007 [2016]).  Family Court based its determination that a change in circumstances had occurred primarily upon the fact that the children, ages one and three at the time of the 2008 order, were now attending school.  This determination is not challenged; upon appeal, the mother asserts only that the changes ultimately made to the schedule were not in the children's best interests.

Here, the testimony established that both parties were fit parents who had generally been able to work together successfully for the benefit of the children.  The mother, who resided with her boyfriend, was employed full time in a prosecutor's office, while the father, who resided with the paternal grandfather, was unemployed and therefore available to care for the children after school.  The mother acknowledged that the children had a good relationship with the father and enjoyed spending time in his care, but sought to modify the schedule to promote a more consistent routine for the children.  She testified that the

father often forgot to give medication that had been prescribed for the older child, and that both children often had not done their homework when she picked them up after custodial time with the father. The father was unwilling to give up any overnights with the children, but testified that he was "[a]bsolutely" willing to continue to take them after school. He testified that he helped the older child with her assignments, and that she had improved in school. The paternal grandmother, who lived elsewhere but frequently visited the father's home when the children were present, testified that she had seen the father playing with the children, helping them with homework, and preparing meals for them. The father further testified that specific concerns that the mother had raised regarding prior hygiene issues at his home had been addressed, and Family Court credited this testimony. The position of the attorney for the children was that the children did not wish for any substantial changes in the schedule, although the attorney also opined that greater consistency in the school week schedule would benefit them.

In a bench decision, Family Court complimented the parties as "wonderful parents" with an amicable relationship and the ability to work together for the best interests of their children. The court determined that only minor changes in the existing schedule were required, so that the children could spend school nights at the mother's home while also seeing the father daily and spending two overnights with him each week. Upon review, we find that this decision presented a reasonable compromise between the mother's request for more consistency on school nights and the father's desire to preserve overnight time with the children. The record provides the requisite sound and substantial basis for this aspect of the court's determination (see Matter of Ryan v Lewis, 135 AD3d at 1137).

However, there is no such basis for that part of the order directing the children to remain with the father until 7:00 p.m. on four school nights each week (see Matter of Stout v Gee, 110 AD3d 1163, 1164 [2013]). In her petition, the mother had asked to be allowed to pick the children up at 5:30 p.m., with the exception of Monday nights. At the hearing, she stated that the children had scheduled activities on other evenings that made a

later pickup time unfeasible. The father neither opposed this part of the mother's request nor asked to keep the children later. Further, it does not appear that he would be able to transport the children to their extracurricular activities, as he has no car or driver's license and relies upon the paternal grandparents for transportation. Family Court apparently misunderstood the mother's request and, in rendering its decision, specifically stated that the later time was chosen because the mother proposed it. There is no record evidence that the later pickup time is in the children's best interests. We therefore modify the order to conform with the parties' prior practice and the mother's request, changing the pickup time from 7:00 p.m. to 5:30 p.m. on Tuesdays, Wednesdays and Thursdays (compare Ehrenreich v Lynk, 74 AD3d 1387, 1390 [2010]; Matter of Valentine v Valentine, 3 AD3d 646, 647 [2004]).

McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.


ORDERED that the order is modified, on the facts, without costs, by reversing so much thereof as provided that respondent would have custodial time with the children until 7:00 p.m. from Tuesday through Thursday each week; respondent's custodial time is adjusted as set forth in this Court's decision; and, as so modified, affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court