*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    521475
_____

In the Matter of APRIL MILLER,
                    Appellant,
        v                                   MEMORANDUM AND ORDER

CHAD BUSH,
                    Respondent.
_____

Calendar Date:  May 24, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Clark and Mulvey, JJ.

        _____


        Lisa A. Natoli, Norwich, for appellant.


        _____


Clark, J.

        Appeal from an order of the Family Court of Cortland County
(Campbell, J.), entered June 29, 2015, which sua sponte dismissed
petitioner's application, in a proceeding pursuant to Family Ct
Act article 6, to modify a prior order of custody and visitation.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a daughter born in
2002.  In 2014, following an incident in which the mother became
intoxicated in the child's presence and threatened to hurt
herself,[1] the father commenced a Family Ct Act article 6
proceeding seeking to modify a prior order of custody in which
the parties shared joint legal custody and the mother had primary

_____

        [1]  At the time of the incident, a child protective services
investigation was pending against the mother based on a report
alleging that she abused alcohol and/or drugs.  The report was
ultimately substantiated.

physical custody.  In January 2015, following a fact-finding hearing, Family Court awarded the father sole legal and physical custody of the child and granted the mother parenting time on alternating weekends, with such visits to be supervised by the child's maternal grandmother.

Thereafter, in June 2015, the mother filed the instant petition seeking increased and unsupervised parenting time with the child, as well as involvement in the child's "school, medical [and] dental."  Without conducting a hearing, Family Court sua sponte dismissed the petition, finding that the mother "ha[d] not pleaded any sufficient change of circumstances such that the child[]'s best interests require[d] the modification of the order entered [five] months [prior]."  The mother appeals.

"'In any modification proceeding, the threshold issue is whether there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the child[]'" (Matter of Tyrel v Tyrel, 132 AD3d 1026, 1026 [2015], quoting Matter of Patricia P. v Dana Q., 106 AD3d 1386, 1386 [2013]).  While an evidentiary hearing is not required in every case, a hearing is generally "necessary and should be conducted unless the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the child[]'s best interests" (Matter of Chittick v Farver, 279 AD2d 673, 675 [2001] [internal citation omitted]; see Matter of Harrell v Fox, 137 AD3d 1352, 1354 [2016]; Matter of Freedman v Horike, 107 AD3d 1332, 1333 [2013]).  In determining whether a pro se petitioner made a sufficient evidentiary showing to warrant a hearing, we construe the pleadings liberally and afford the petitioner the benefit of every favorable inference (see Matter of Harrell v Fox, 137 AD3d at 1354; Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]).

In her pro se petition, the mother alleged that she had moved into an apartment with the child's maternal grandmother, had enrolled as a full-time student and was attending "[a]lcohol counseling."  Inasmuch as the mother's alcohol abuse was a

primary factor in Family Court's January 2015 custody determination, the mother's factual allegations of improvement, construed liberally and if established after a hearing, could afford a basis for awarding the mother increased parenting time, unsupervised parenting time and/or access to the child's medical and educational records.  Accordingly, we find that Family Court erred in dismissing the mother's petition without a hearing (see Matter of Ford v Baldi, 123 AD3d 1399, 1400 [2014]; Matter of Freedman v Horike, 107 AD3d at 1333-1334; Matter of Giovanni v Hall, 86 AD3d 676, 677 [2011]).

As a final matter, we note that, although not required, the appointment of an attorney for the child is the "strongly preferred practice" in contested custody proceedings (Matter of Ames v Ames, 97 AD3d 914, 916 [2012], lv denied 20 NY3d 852 [2012]; accord Matter of Harrell v Fox, 137 AD3d at 1355; see Family Ct Act § 249 [a]).  Given the circumstances leading to the prior order of custody and visitation and that the mother is now seeking increased and/or unsupervised parenting time, we urge Family Court to, upon remittal, appoint an attorney for the child.

Lahtinen, J.P., McCarthy, Garry and Mulvey, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court