*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 7, 2016                    521809
_____

In the Matter of JOSEPH M.
    BELROSE,
                        Appellant,

            v                                    MEMORANDUM AND ORDER

MARY ELLEN BELROSE,
                        Respondent.
_____

Calendar Date:  June 3, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Rose and Clark, JJ.

_____

        Alexandra G. Verrigni, Rexford, for appellant.

        Dana L. Salazar, East Greenbush, for respondent.

        Elena Jaffe Tastensen, Saratoga Springs, attorney for the children.

_____

Clark, J.

        Appeal from an order of the Family Court of Saratoga County (Jensen, J.), entered September 3, 2015, which sua sponte dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of two children (born in 2001 and 2005).  Pursuant to a 2014 Family Court order, the mother had sole legal custody of the children and the parties shared physical custody on an alternating weekly basis.  The order further provided that the father have full and free access to the children's educational and medical information, and

directed the mother to sign the appropriate release forms and keep the father apprised of the children's educational and health care appointments.  Thereafter, the father filed two enforcement petitions alleging that the mother failed to timely inform him of certain appointments.  In May 2015, upon the parties' agreement, Family Court modified the prior order to the extent of directing that the mother apprise the father of the children's educational and medical appointments via email within 24 hours of their scheduling.  In July 2015, the father filed this modification petition seeking sole custody of the children.  Family Court dismissed the petition sua sponte, and the father appeals.

We affirm.  A party seeking to modify an existing custodial arrangement must demonstrate "that 'there has been a change in circumstances since the prior custody order significant enough to warrant a review of the issue of custody to ensure the continued best interests of the children'" (Matter of Harrell v Fox, 137 AD3d 1352, 1354 [2016], quoting Matter of Tyrel v Tyrel, 132 AD3d 1026, 1026 [2015]).  While pro se pleadings should be liberally construed (see Matter of Ford v Baldi, 123 AD3d 1399, 1400 [2014]; Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]), a petition must "'set forth sufficient facts which, if established at an evidentiary hearing, could afford a basis for granting the relief sought'" (Matter of Brennan v Kestner, 124 AD3d 980, 981 [2015], quoting Matter of Schnock v Sexton, 101 AD3d 1437, 1438 [2012]).  Where a petitioner "fails to make a sufficient evidentiary showing to warrant a hearing" (Matter of Harrell v Fox, 137 AD3d at 1354 [internal quotation marks and citations omitted]), Family Court may deny a hearing and dismiss the petition sua sponte (see Matter of Strachan v Gilliam, 129 AD3d 1679, 1679 [2015], lvs dismissed 26 NY3d 994 [2015]; Matter of Lowe v Bonelli, 129 AD3d 1135, 1137 [2015]).

We agree with Family Court that the father failed to make the requisite showing to warrant a hearing.  Of the specific acts alleged in the petition and the attachment thereto, few occurred after the May 2015 order, and such allegations — namely, that the mother provided inaccurate or incomplete information on a Medicaid recertification application, changed a pick-up site on three occasions and canceled a session of co-parenting counseling — are insufficient to warrant a hearing (see Matter of Lowe v

<u>Bonelli</u>, 129 AD3d at 1137; <u>Matter of Taylor v Jackson</u>, 95 AD3d 1604, 1604 [2012]; <u>Matter of Hudson v Eck</u>, 70 AD3d 1261, 1262 [2010]).  Therefore, we find no error in Family Court dismissing the petition without a hearing.

Peters, P.J., Lahtinen, Egan Jr. and Rose, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court