*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 14, 2016                    521046
_____

In the Matter of KIMBERLY A.
    GERBER,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

DANIEL P. GERBER,
                        Respondent.
_____


Calendar Date:  May 31, 2016

Before:  Lahtinen, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

                        _____


        Theresa M. Suozzi, Saratoga Springs, for appellant.

        Mark A. Kassner, Glenville, attorney for the children.

                        _____


Devine, J.

        Appeal from an order of the Family Court of Saratoga County
(Jensen, J.), entered March 13, 2015, which, sua sponte,
dismissed petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, to modify a prior order of custody.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the divorced parents of three
teenage boys (born between 1998 and 2002).  Pursuant to an
October 2014 order of custody, the father was granted sole legal
and physical custody of the children and all contact between the
mother and the children was suspended for a period of six months,
with therapeutic visitation to resume after that time (see Matter
of Gerber v Gerber, 133 AD3d 1133, 1136-1139 [2015], lv denied 27
NY3d 902 [2016]).  Three months later, the mother petitioned pro
se for modification of the 2014 order alleging, among other

things, that the children were suffering emotional and physical distress as a result of having been placed in a new school district during the middle of the school year. Family Court dismissed the petition without taking testimony or scheduling a hearing, noting that the concerns raised by the mother in her petition had either been addressed by the court in its 2014 order and/or were expressly caused by her own behavior. The mother now appeals.

At the outset, the parties' eldest child turned 18 during the pendency of this appeal, rendering moot any issues with respect to custody of him (see Matter of McCullough v Harris, 119 AD3d 992, 993 [2014]; Matter of Collins v Brush, 113 AD3d 936, 936 [2014]). With respect to the remaining two children, "[a]s the party seeking to modify an existing custodial arrangement, the mother was required to demonstrate, as a threshold, that there has been a change in circumstances since the prior custody order . . . to warrant a review of the issue of custody to ensure the continued best interests of the children" (Matter of Harrell v Fox, 137 AD3d 1352, 1354 [2016] [internal quotation marks and citations omitted]). A hearing is generally necessary but is not required where the party seeking the modification fails to make a sufficient evidentiary showing to warrant a hearing or, alternatively, where no hearing is requested and Family Court has sufficient information to undertake a comprehensive independent review of the children's best interests (see Matter of Harrell v Fox, 137 AD3d at 1354; Matter of Schnock v Sexton, 101 AD3d 1437, 1437 [2012]).

Here, even according the mother every favorable inference, as we must (see Matter of Harrell v Fox, 137 AD3d at 1354; Matter of Ford v Baldi, 123 AD3d 1399, 1400 [2014]; Matter of Tod ZZ. v Paula ZZ., 113 AD3d 1005, 1006 [2014]; see also Family Ct Act § 165 [a]; CPLR 3026), we find that Family Court did not err in dismissing the mother's petition without a hearing (see Matter of Lowe v Bonelli, 129 AD3d 1135, 1137 [2015]). The mother alleges that the father's decision to move the children to a new school district in the middle of the school year prompted the children to suffer from emotional stress and trauma but, under the circumstances of this case, such allegations fail to demonstrate a change in circumstances. The father was granted sole legal and

physical custody of the children in 2014 primarily because of overwhelming evidence that the mother was manipulating the children in ongoing efforts to alienate them from the father (see Matter of Gerber v Gerber, 133 AD3d at 1136-1139).[1]  Family Court accordingly expected that awarding the father custody might cause the children to experience certain short-term trauma given that state of affairs, but found that the mother's efforts at parental alienation would be even more damaging in the long term.  The mother nevertheless sought to modify the 2014 order only three months after it was issued, essentially asserting that the anticipated short-term trauma had actually occurred.  Thus, in light of these facts, we find that Family Court did not err in dismissing the mother's petition without conducting a fact-finding hearing (see Matter of McIntosh v Clary, 129 AD3d 1392, 1393 [2015]; Matter of Marquis v Washington, 86 AD3d 753, 754 [2011]).

Lahtinen, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  As in the previous appeal before this Court, we acknowledge that Family Court's determination is not in accord with the recommendation made by the attorney for the children.  We also note that the children's wishes are informative rather than dispositive, particularly given the mother's efforts to alienate them from the father (see Matter of Gerber v Gerber, 133 AD3d at 1138; Matter of Burola v Meek, 64 AD3d 962, 966 [2009]).