Matter of Joseph E. v Crystal G. (2024 NY Slip Op 06395)

Matter of Joseph E. v Crystal G.

2024 NY Slip Op 06395

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-0287 CV-23-0626
[*1]In the Matter of Joseph E., Appellant,
v
Crystal G., Respondent. (Proceeding No. 1.)
In the Matter of Crystal G., Respondent,
v
Joseph E., Appellant. (Proceeding No. 2.)
In the Matter of Joseph E., Appellant,
v
Crystal G., Respondent. (Proceeding No. 3.)

Calendar Date:November 19, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Michelle I. Rosien, Philmont, for appellant.
Betty J. Potenza, Milton, for respondent.
William Phipps Pape, Cottekill, attorney for the child.

McShan, J.
Appeals (1) from an order of the Family Court of Ulster County (Anthony McGinty, J.), entered January 4, 2023, which dismissed petitioner's application, in proceeding No. 3 pursuant to Family Ct Act article 8, for an order of protection, and (2) from an order of said court, entered February 28, 2023, which, among other things, granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Joseph E. (hereinafter the father) and Crystal G. (hereinafter the mother) are the parents of the subject child (born in 2016). In a 2019 order, the parties shared joint legal custody with a split custodial arrangement. Each parent filed a modification petition seeking sole legal and physical custody of the subject child. Family Court held a hearing on the parents' petitions, during which the parents stipulated to several modifications of the existing custody order. In a February 2023 order, Family Court partially dismissed the modification petitions, modifying the prior order solely to the extent of incorporating the aforementioned terms stipulated by the parties during the hearing and otherwise leaving the prior custody arrangement in place. The father appeals.[FN1]
The discrete contention raised by the father is directed at Family Court's inclusion in its December 2022 decision, and the February 2023 order memorializing that decision, of a finding that each parent had consented to a modification to the 2019 custody agreement that would require each party's consent before enrolling the child in extracurricular activities. Our review of the record confirms, however, that although the parties agreed to various changes during the hearing, the requirement that both of their consent be required to enroll the child in extracurricular activities was not among them. Accordingly, Family Court's determination that the parties had consented to the extracurricular activities provision is unsupported by a sound and substantial basis (see generally Matter of Lundgren v Jaeger, 162 AD3d 1427, 1429 [3d Dept 2018]).[FN2]
Further, although we are empowered to search the record and make an independent best interests determination, as our authority is as broad as Family Court's (see Matter of Brittni P. v Michael P., 210 AD3d 1338, 1342 [3d Dept 2022], lv denied 39 NY3d 908 [2023]), we do not believe that this record contains sufficient indicia that the extracurricular activities provision is in the child's best interests (see Matter of Brandon PP. v Shalalee QQ., 216 AD3d 1263, 1267 [3d Dept 2023]; see generally Matter of Cameron UU. v Catherine VV., 193 AD3d 1278, 1278-1279 [3d Dept 2021]). To that end, we initially note that neither party sought such relief in their competing modification petitions (see Matter of Rehman v Sheikh, 152 AD3d 910, 913 [3d Dept 2017]; Matter of Stout v Gee, 110 AD3d 1163, 1164 [3d Dept 2013]). Moreover, the record contains no evidence suggesting that conditioning the child's participation [*2]in extracurricular activities upon the consent of two parents who demonstrate a clear animosity for each other would provide any benefit to the child.[FN3] Rather, doing so would more likely punish the child by precluding her participation in such activities solely because the parties refuse to set aside their differences (see generally Matter of Jennifer VV. v Lawrence WW., 186 AD3d 946, 948 [3d Dept 2020]). To that end, the record reveals that the more pressing issue with respect to the child's participation in extracurricular activities is each party's apparent desire to limit interactions between them by precluding the other's attendance. While it is concerning that the parties appear unable to set aside their differences for the sake of the child on this issue, the record provides little indication that requiring them to agree on the child's participation in extracurriculars would aid in easing the tension between them. We therefore modify the order accordingly. The parties' remaining contentions, to the extent not addressed, have been considered and found without merit.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the order entered January 4, 2023 is affirmed, without costs.
ORDERED that the order entered February 28, 2023 is modified, without costs, by removing so much thereof as requires both parties to consent to the child's participation in extracurricular activities, and, as so modified, affirmed.

Footnotes

Footnote 1: Although the father also appeals from Family Court's January 2023 order dismissing his family offense petition, he expressly abandons that appeal in his brief.

Footnote 2: Family Court determined that the parties had waived any contention that a change in circumstances had not been established based upon their stipulation to various modifications to the prior custody arrangement, and the parties do not dispute that on appeal.

Footnote 3: Although not dispositive to our determination, we note that the attorney for the child is in accord with the father's position on appeal (see Matter of Brittni P. v Michael P., 210 AD3d at 1342).